UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN F. SHERER, ) | Case No. C06-1635-RSM-JPD |
| Petitioner, ) | |
| v. ) | |
| BELINDA STEWART, ) | ORDER REGARDING EVIDENTIARY HEARING, § 2254 PROCEEDING |
| Respondent. ) | |

Petitioner Steven F. Sherer is currently pursuing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. On January 2, 2008, this Court granted an evidentiary hearing for the purpose of determining: "(1) whether and when the State or its agents had possession of or access to the report of Jan Tweedie; and (2) whether and when this report was made available to petitioner's trial counsel in the underlying state court criminal case." Dkt. No. 31 at 1-2; Dkt. No. 33. The Court further explained that the answers to these questions were heavily disputed by the parties and highly relevant to petitioner's claim that his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963) and progeny were violated by the government's alleged conduct. Dkt. No. 31 at 1-2.

The petitioner now seeks to expand the scope of the Court's evidentiary hearing, while the respondent asks the Court to reverse its order and deny the writ. *See* Dkt. Nos. 32, 34. Specifically, petitioner argues that the facts surrounding the report of Jan Tweedie are relevant

ORDER REGARDING EVIDENTIARY
HEARING, § 2254 PROCEEDING
PAGE – 1

not only to his *Brady* claim, but also to his ineffective assistance and "misleading evidence" arguments. *See* Dkt. No. 32 at 1-4; Dkt. No. 42 at 8-9. The respondent, on the other hand, insists that because three sworn declarations prove that the government failed to possess Tweedie's report,[1] it is unnecessary for the Court to conduct an evidentiary hearing to make credibility determinations of those three individuals regarding petitioner's *Brady* claim. Dkt. No. 34 at 4-9; Dkt. No. 43 at 2-3. Furthermore, the respondent argues that petitioner's trial counsel's "unfettered opportunity" to ask Tweedie "about any information he wished, including any reports she may have written," renders petitioner's *Brady* claim without merit. Dkt. No. 34 at 11-12.

      The parties vigorously dispute whether the government, its agents, or others acting on the government's behalf had knowledge of or access to Tweedie's report. Petitioner claims that Tweedie's declaration establishes this knowledge and/or access, while the respondent insists that the above-mentioned declarations, prove the opposite. The state court record only highlights, rather than resolves, this factual dispute. Moreover, both parties have presented forceful legal arguments regarding the result of the facts as they construe them. Because resolution of those facts is necessary for the Court to rule on the merits of petitioner's petition, an evidentiary hearing must proceed. *See Schriro v. Landrigan*, 550 U.S. ___, 127 S. Ct. 1933, 1940 (2007). Accordingly, and in an effort to clarify its previous Order (Dkt. No. 31), the Court ORDERS as follows:

      (1)    Respondent's "Objection to Order Granting Evidentiary Hearing (Dkt. No. 34) is DENIED to the extent it requests the Court to reverse its previous Order and immediately deny petitioner's § 2254 petition. The evidentiary hearing will take place as ordered, and will focus on the two questions previously outlined by the Court. *See* Dkt. No. 31 at 1-2.

---

[1] The declarations respondent refers to include that of Deputy Prosecutor Marilyn Brenneman, Detective Michael Faddis, and dog handler Richard Schurman, but not that of dog handler Jan Tweedie.

ORDER REGARDING EVIDENTIARY
HEARING, § 2254 PROCEEDING
PAGE – 2

01  (2) After the Court receives evidence on those factual issues, the parties will each
02  have no more than **one hour** to present oral argument on the underlying merits of petitioner's
03  § 2254 petition. During this time, the parties will be free to address any legal argument arising
04  from the facts concerning the two questions outlined by the Court. If necessary, the Court will
05  issue a minute order delineating certain questions on which the Court wishes to hear argument;
06  such a list, however, will not preclude counsel from addressing other issues as they deem
07  appropriate.

08  (3) The Clerk of Court is directed to send copies of this Order to the parties in this
09  case, and to the Honorable Ricardo S. Martinez.

10  DATED this 7th day of February, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge